**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | **Case No. 2:23 CR 181** |
| -vs- | : | |
| | : | **JUDGE: SARAH MORRISON** |
| **SHEDRICK HAWKINS,** | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION TO SUPPRESS

Now comes Defendant, Shedrick Hawkins, by and through undersigned counsel, and requests this Court for an order suppressing the State's introduction of evidence gained through the illegal search of Shedrick Hawkins's residence. The reasons in support of this Motion are in the following Memorandum.

Respectfully submitted,

/s/ Jeremy Dodgion
Jeremy Dodgion (0068113)
Counsel for Defendant
1188 South High St.
Columbus, Ohio 43206
Tel: (614) 443-2494
Fax: (614) 444-1501
jdodgion@jeremydodgionlaw.com

1

**MEMORANDUM IN SUPPORT**

I.    **Factual Background**

Beginning in April, 2023, Detective Goble reportedly began investigating James Crockett for suspected drug trafficking. *See* Affidavit in Support of Tracking Device Warrant. During a narcotics transaction between Mr. Crockett and an undercover detective, Mr. Crockett allegedly stated that he did not have drugs on him and referenced his "plug." *Id.* Shortly thereafter, a Nissan Maxima reportedly arrived on the scene. *Id.* Mr. Crockett supposedly entered the vehicle before quickly exiting and subsequently selling cocaine to the detective. *Id.* Based on the alleged facts asserted, the officers sought a warrant to place a tracking device on the Nissan Maxima and its unnamed owner, which was granted on May 11, 2023. *Id.* The tracking device did not provide any evidence other than the single address of 314 Highview Landing. *See* Affidavit in Support of Warrant to Search (T-Mobile).

On May 20, 2023, Detective Goble reportedly received phone records for Mr. Crockett. *Id.* Within these records, Mr. Crockett was supposedly discovered to have been texting a phone number regarding the description and location of the undercover detective's vehicle during the abovementioned transaction. *Id.* Based on such information, as well as the single drug transaction, officers sought a warrant to disclose the cellular geolocation data from the phone number and the unidentified owner. *Id.* The warrant was granted on May 26, 2023. *Id.*

After allegedly conducting additional investigations and surveillance at 314 Highview Landing, officers concluded that Shedrick Hawkins, ("Mr. Hawkins"), resided at the residence and possessed the previously tracked cell phone. *See* Affidavit in Support of Warrant to Search. (314 Highview Landing). During such surveillance, officer reportedly witnessed Mr. Hawkins

exit his residence with both a pink and white trash bag. *Id.* Officers then supposedly searched the pink trash bag, discovering a small plastic bag with trace amounts of a white powdery substance. *Id.* Based on this information, officers sought a search warrant to search Mr. Hawkins's residence. *Id.* Such warrant was granted on June 7, 2023. *Id.*

## II. Law and Argument

### A. The provided search warrants lack the necessary probable cause, thereby rendering them insufficient and any search or evidence discovered from them in, thus, inadmissible.

The Fourth Amendment provides that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "A 'state search warrant being challenged in a federal court must be judged by federal constitutional standards.'" *United States v. Abernathy*, 843 F.3d 243 (citing *United States v. McManus*, 719 F.2d 1395, 1397 (6th Cir. 1983); citing *Elkins v. United States*, 364 U.S. 206, 80 S. Ct. 1437, 4 L. Ed. 2d 1669 (1960)).

"Probable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *Id.* (citing *United States v. King*, 227 F.3d 732, 739 (6th Cir. 2000); quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). "In determining whether a search warrant is supported by probable cause, a court may consider only the 'four-corners of the affidavit.'" *United States v. Black*, 2018 U.S. Dist. LEXIS 24199 (citing *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005); citing *Whiteley v. Warden*, Wyo. State Penitentiary, 401 U.S. 560, 565 n.8, 91 S. Ct. 1031, 28 L. Ed. 2d 306 (1971)). Thus, "information known to the officer but not conveyed to the magistrate is irrelevant." *Id.* (citing *United States v. Abernathy*, 843 F.3d 243, 249 (6th Cir. 2016); quoting *United States v. Brooks*, 594 F.3d 488, 492 (6th Cir. 2010) (citation omitted)).

3

"The inquiry [into probable cause] requires that the magistrate or judge review the totality of the circumstances 'to make a practical, common-sense' determination of whether probable cause is present." *United States v. Rodriguez-Suazo*, 346 F.3d 637 (citing *Illinois v. Gates*, 462 U.S. 213, 236, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983)). "'The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific things to be searched for and seized are located on the property to which entry is sought.'" *Id.* (citing *United States v. Savoca*, 761 F.2d 292, 297 (6th Cir. 1985); quoting *Zurcher v. Stanford Daily*, 436 U.S. 547, 556, 56 L. Ed. 2d 525, 98 S. Ct. 1970 (1978) (internal quotation omitted)).

### i. Nissan Maxima

In *Coleman*, the defendant challenged the probable cause provided in a search warrant permitting the issuance of a tracking-device on his vehicle. *Coleman*, 923 F.3d at 454. The affidavit established multiple facts that supported the notion that the use of a tracking device would aid in discovering fruits of a crime. *Id.* For instance, the affidavit included:

- A confidential informant identified Coleman as a current drug supplier to Powell.
- Authorities had been investigating four drug sales at Powell's residence, one of which involved Coleman dropping off cocaine for Powell.
- A law-enforcement agent observed an individual matching Coleman's description drive to Powell's house in the Enclave, stay only four minutes, and leave, activity that could be consistent with the driver engaging in illegal drug sales.
- Coleman had two prior felony convictions for delivery/manufacture of controlled substances.

4

• A Law Enforcement Information Network (LEIN) check on the vehicle identified Coleman's father as the Enclave's owner.

*Id.* Considering these factual allegations, the warrant was deemed to have provided probable cause. *Id.*

However, in the case at hand, the provided affidavit includes significantly less factual substantiation. In fact, the only basis for the affidavit is that an undercover detective was purchasing cocaine from someone other than the defendant. *See* Affidavit in Support of Tracking Device Warrant. During this transaction, the different individual allegedly referenced his "plug," entered a Nissan Maxima that arrived on the scene, and then quickly exited before selling cocaine to the detective. *Id.* Unlike the facts in *Coleman*, this instance only involves one single transaction, which was conducted by someone other than the defendant. As such, the affidavit lacks probable cause, thereby rendering the search warrant invalid.

### ii. T-Mobile

In *United States v. Ennis*, 2022 U.S. App. LEXIS 8779, the defendant, again, argued a lack of probable cause in a search warrant issued to provide his phone records, including those of his location data. However, in the affidavit, it was established that the phone number belonged to the defendant, and that he currently had two outstanding arrest warrants. *Id.* These two facts, taken together, were deemed sufficient to provide a nexus between the wanted defendant and the cell phone, and, therefore, probable cause. *Id.*

However, in the present case, the affidavit, once again, heavily relies on the single transaction mentioned above. *See* Affidavit in Support of Warrant to Search (T-Mobile). While it is true that the affidavit also touches upon phone records associated with the individual involved in the aforementioned transaction, it is essential to highlight that the initial warrant, which was

5

based on the same transaction, did not yield sufficient probable cause. Consequently, the validity of the warrant for Mr. Hawkins's phone location data is invalid, as the mere repetition of the same transaction cannot rectify the lack of probable cause from the previous instance. Furthermore, the officers seemingly failed to make any efforts to ascertain the owner of the cell phone under investigation, which further weakens the justification for the warrant. In light of these deficiencies, it is evident that there exists a significant lack of probable cause.

### iii. 314 Highview Landing

"Designed to prohibit the general warrants common at the time of the founding, [the] text requires that a warrant specifically identify the 'place' to be searched and the 'things' to be seized." *United States v. Reed*, 993 F.3d 441 (citing U.S. Const. amend. IV; *see Ashcroft v. al-Kidd*, 563 U.S. 731, 742-43, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)). "And courts have long held that a probable-cause 'nexus' must connect these two together: There must be a fair probability that the specific place that officers want to search will contain the specific things that they are looking for. *Id.* (citing *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc); *see also Zurcher v. Stanford Daily*, 436 U.S. 547, 556, 98 S. Ct. 1970, 56 L. Ed. 2d 525 (1978); *United States v. Coleman*, 923 F.3d 450 (citing *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc) ("There must be a 'nexus between the place to be searched and the evidence sought.'"))).

"It is well established in this Circuit that drug paraphernalia recovered from a trash pull establishes probable cause to search a home when combined with other evidence of the resident's involvement in drug crimes." *United States v. Abernathy*, 843 F.3d 243. "[W]e have also twice suggested in dicta that mere trash pull evidence, standing alone, is insufficient to create probable

6

cause to search a residence." *Id.* (citing *United States v. Brooks*, 594 F.3d at 495 n.5; *United States v. Harris*, 6 F. App'x 304, 307 (6th Cir. 2001)).

In *Abernathy*, the defendant argues that a search warrant permitting the search of his residence was not supported by probable cause. *Id.* The affidavit for such warrant relied upon a trash pull from the residence, revealing marijuana roaches and T-2 laced plastic bags. *Id.* The warrant was found to be lacking for two reasons. *Id.* First, the trash pull evidence only suggested that a small quantity of marijuana might have been within the residence recently. *Id.* Second, the mere presence of trace amounts of marijuana only suggested that someone had smoked marijuana within the residence recently, which does not create an inference that more drugs may be inside the residence. *Id.*

The lack of probable cause in the present case is strikingly similar to the circumstances in *Abternathy*. Firstly, the warrant seeking permission to search Mr. Hawkins's residence primarily hinges on the facts previously mentioned in relation to their respective warrants. *See* Affidavit in Support of Warrant to Search (314 Highview Landing). However, since these allegations failed to meet the threshold of probable cause in the past, they inherently lack probable cause in the current context as well. Additionally, officer heavily rely on a trash pull conducted outside Mr. Hawkins's residence, during which they uncovered a clear plastic baggie containing trace amounts of a white powdery substance. Nevertheless, as established in *Abernathy*, such evidence falls short of establishing that more drugs may be present inside the residence. Rather, it merely implies the possibility that a small quantity of drugs might have been inside the residence at some point recently. Therefore, these factors collectively contribute to a clear lack of probable cause in this case.

Additionally, there is a fundamental disconnect in the nexus required by law. Firstly, the discovery of the 314 Highview Landing residence was discovered solely based on the initial tracking device for the Nissan Maxima, which was based exclusively on the fact that it briefly arrived at the abovementioned controlled drug transaction. This fact alone not only provides a lack of probable cause, but it also fails to create a credible nexus to the residence.

Furthermore, the subsequent revelation of phone records showing Mr. Crockett's communication with a phone number does not solidify the required nexus. While there may exist evidence that the phone number provided communication regarding drug trafficking in general, there is no evidence directly connecting the residence to the alleged drug trafficking activities.

The final piece of evidence involves the trash bag containing trace amounts of white powdery substance. This evidence, again, falls short of establishing a nexus between the residence and suspected drug trafficking evidence. While trace amounts of the white powdery substance may suggest that drugs were within the residence at some point in time, there is no conclusive evidence that drugs, much less drug trafficking evidence, were within the home at the time in question.

Therefore, there not only exists a lack of probable cause within the residence, but there is also a lack of required nexus connecting the residence to alleged drug activities.

### B. The good faith exception does not apply, and, thus, the evidence seized from Mr. Hawkin's residence should be suppressed.

"In *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984), the Supreme Court modified the exclusionary rule 'so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective.'" *United States v. Smith*, 2005 U.S. Dist. LEXIS 45375; *See also, United States v. Czuprynski*, 46 F.3d 560 (6th Cir. 1995) (en banc). "The Leon Court also held that the good faith exception to

8

the exclusionary rule would not apply under the following circumstances, to wit: 1) when the search warrant was obtained in violation of *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978); 2) when the issuing magistrate has failed to act in a neutral and detached fashion; 3) when the affidavit in support of the warrant is 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;' and 4) when the warrant is so facially deficient (i.e., it fails to describe the particular place to be searched or the items to be seized) that the executing officers could not have reasonably presumed that it was valid." *Id.* (citing *Leon*, 468 U.S. at 923; *See also*, *United States v. Leake*, 998 F.2d 1359, 1366 (6th Cir. 1993)).

"In Leon, the Supreme Court explained that the exclusionary rule 'operates as a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the person aggrieved.'" (internal quotation omitted). *Rodriguez-Suazo*, 346 F.3d 637 (citing *Id.*). "The Court reasoned that because the rule was designed to deter police misconduct, the benefits from excluding evidence procured by objectively reasonable reliance on a later invalidated search warrant were insignificant compared to the costs of such exclusion." *Id.*

The application of the good faith exception in the case at hand is not warranted, and, as such, the evidence seized from Mr. Hawkins's residence should be suppressed. Firstly, the search warrants in question lack the necessary probable cause, making them fundamentally defective and rendering any evidence obtained from them inadmissible. This absence of probable cause is a substantial violation and falls within one of the exceptions explicitly outlined in *Leon*. Moreover, the affidavits supporting the warrants are so lacking in indicia of probable cause as to render official belief in their existence entirely unreasonable, further negating the application of

9

the good faith exception. Given these deficiencies and the failure to meet the requirements set forth by the Supreme Court, there is no reasonable basis for applying the good faith exception, and, thus, the evidence should be suppressed.

### III. Conclusion

In conclusion, the case at hand raises serious concerns regarding the validity of the search warrants obtained during the court of the investigation. The search warrants in question lacked probable cause to justify the searches, as they relied on limited and insufficient evidence. Furthermore, the application of the good faith exception does not apply in this case. The defects in the search warrants, including the lack of probable cause and the insufficiency of the supporting affidavits, make it unreasonable for law enforcement officers to rely on these warrants in good faith. As such, the evidence seized from Mr. Hawkins's residence should be suppressed, ensuring that the principles of the Fourth Amendment are upheld and the rights of Mr. Hawkins are protected.

Respectfully submitted,

/s/ Jeremy Dodgion
Jeremy Dodgion (0068113)
Counsel for Defendant
1188 South High Street
Columbus, OH 43206
(614) 443-2494
(614) 444-1501 (fax)
jdodgion@jeremydodgionlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion to Suppress was served this 5th day of January, 2024, via electronic filing with the Clerk of Courts:

*Heidy Tawadros Carr*
*DOJ-USAO*
*303 Marconi Blvd.*
*Ste 2nd Floor*
*Columbus, Ohio 43215*

*Nicole Pakiz*
*DOJ-USAO*
*303 Marconi Blvd.*
*Ste 2nd Floor*
*Columbus, Ohio 43215*

/s/ Jeremy Dodgion
Jeremy Dodgion (0068113)
Counsel for Defendant