UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 2:23-CR-181 |
| PLAINTIFF, | : | |
| | : | JUDGE MORRISON |
| V. | : | |
| | : | **DEFENDANT'S SENTENCING** |
| SHEDRICK HAWKINS, | : | **MEMORANDUM** |
| | : | |
| DEFENDANT | : | |

Now comes Defendant, Shedrick Hawkins, by and through undersigned counsel and hereby presents the following relevant information for this Honorable Court's consideration in determining a reasonable sentence to impose upon Defendant. For the reasons set forth below, Defendant respectfully requests this Honorable Court sentence him to the mandatory minimum 10 years.

**I.   Procedural Background**

In addition to the facts listed in Pages 4 through 6, of the Presentence Investigation Report (PSR): On June 8, 2023, Defendant was arrested on Possession with Intent to Distribute Fentanyl and Cocaine, as well as Felon in Possession of Firearm. Defendant was subsequently Indicted on September 7, 2023. On May 16, 2024, Defendant pled guilty pursuant to an 11(c)(1)(A) plea agreement to Counts 1 and 2 of the Indictment.

**II.   Sentencing Guidelines**

Pursuant the United States Sentencing Guidelines (USSG), Defendant falls under a criminal history category III, and an offense level of 34 (-3 for acceptance of responsibility), totaling the offense level to **31**. This would typically result in an advisory sentencing guideline

1

range of 135 - 168 months. Defendant respectfully submits a downward departure from the sentencing guideline range would satisfy the ten-year minimum Defendant is facing, while still upholding justice for the seriousness of the offense.

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the mandatory Sentencing Guidelines system violated the Sixth Amendment. Pursuant to *Booker*, the Sentencing Guidelines are advisory. The Guidelines must be properly calculated and considered, but ultimately the Court must craft a sentence that sufficiently accounts for the sentencing factors and objectives outlined in 18 U.S.C. §3553 (a). *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The factors to be considered under 18 U.S.C. §3553 (a) include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, the need to deter the defendant and others, as well as the need to protect the public from the defendant's crimes, and the need to provide the defendant with the needed treatment in the most effective manner.

### A. Nature and Circumstances of the Offense and History and Characteristics of the Defendant

The first factor, which is a critical component of any practical sentencing rule is to consider the nature and circumstance of the offense in addition to a defendant's history and characteristics.

Defendant is 33 years of age. He has 4 children, ages 10, 6, 2 and 1. Defendant grew up in Gary, Indiana, and relocated to Ohio at 16 years old. Following his move to Ohio, Defendant experienced several deaths with close family members as a result of gun violence and overdoses. Defendant's Mother reported Defendant was inconsolable after the passing of his family members and began to isolate himself at that time.

2

To say that Defendant's upbringing was difficult would be an understatement. Defendant grew up in impoverished neighborhoods with high crime. Selling narcotics was a major source of income for both his peers and his family members. Father figures in Defendant's life have served prison time, in addition to other members of his family. Defendant's childhood was consumed with observing alcohol and drug abuse, gambling, and drug trafficking. When Defendant entered his adult years, he viewed drug trafficking as a way to make money and provide for his family. As a direct result of his upbringing, Defendant was not given the proper tools or means to break the cycle for himself, as this lifestyle was all he knew. When Defendant would discuss the case at bar, he never once attempted to shift the blame or deny the allegations. He knew what he was doing was wrong; however, his only priority at this time was to provide for his children.

Defendant not only accepted responsibility for his actions and the position it placed his children in, but also continues to show genuine remorse for not being there while his children grow up. Defendant now has a great family support system through his mother, siblings and his girlfriend, as well as other positive members in his community. Defendant also completed the following programs while housed in the Butler County Jail: (1) Substance Abuse Course, (2) Domestic Violence Course (See Exhibits Attached). Defendant is eager to complete other programs as well to better his re-entry life skills for when his sentence expires.

Having given due consideration to a defendant's history and characteristics and the nature and circumstances of the offense, the Court must identify a sentence that reflects the seriousness of the offense, promotes respect for the law, provides a just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes of the defendant, though "a particular purpose may apply differently, or even not at all, depending on

the kind of sentence under consideration." *Tapia v. United States*, U.S. 131 S. Ct. 2382, 2387-88 (2011). In other words, the Court is tasked with balancing the goals of sentencing and determining a fair and appropriate disposition.

### B. The Seriousness of the Offense, the Need to Deter Defendant and the Need to Protect the Public

The second factor requires a consideration of the general purposes of sentencing, which is the imposition of a sentence reflecting the seriousness of the offense, promoting respect for the law, and providing "just punishment" as well as specific deterrence. *United States v. Kimbrough*, 128 S. Ct. 570 (2007). While we appreciate the facial attraction of the general deterrence theory, we respectfully submit whatever sentence is imposed here will have little impact on others engaging in criminal conduct. See Kittrie, et al., *Sentencing, Sanctions, and Corrections: Federal and State Law, Policy, and Practice*, 29 (2d ed. 2002). The weakness of general deterrence theory is underscored by its reliance on the flawed "underlying assumption that people weigh rationally the consequences of their behavior". Arthur W. Campbell, *Law of Sentencing* § 2:2 (2d ed. 1991).

The more imperative and relevant consideration in our case should be specific deterrence and its sister aim of reducing recidivism. As this Honorable Court is aware from the PSR, Defendant's criminal history is lengthy from juvenile years to present. This history involves firearm offenses, disorderly conduct and drug possession. Defendant has served time in the Ohio Department of Corrections; However, the present case marks Defendant's only Federal offense and first drug distribution charge.

Through his guilty plea, Defendant demonstrated that he was willing to both admit and accept responsibility for his crime. Furthermore, while Defendant knows a term of

4

imprisonment must be satisfied in this case, he has expressed a willingness to engage in mental health and substance abuse treatment while he serves his time.

## III. Guidelines Manual

As this Honorable Court is aware, multiple count grouping rules apply in this case as it relates to Counts 1 and 2. These counts are grouped for guideline calculation purposes pursuant to USSG §3D1.2(c). The guideline for a 21 U.S.C. §841(a)(1) offense is located in §2D1.1 of the Guideline's Manual for guideline calculations. As this Honorable Court is further aware, the offense level is determined according to the Drug Quantity Table.

It is anticipated the Government will urge the Court to presume the Guidelines are reasonable; However, research has proven the one-size fits all approach to sentencing is archaic and inadequate, which is why the Guidelines are merely advisory now.

## IV. Sentencing Conclusion and Attachments

In analyzing the above-mentioned factors, the sentencing court should consider the possibility that a Guidelines Sentence is not just necessary to accomplish the goals set forth in §3553 (a), but that such a sentence would be "greater than necessary". Alternatively stated, a Guidelines sentence will actually thwart application of §3553(a)'s command to impose the minimum sentence necessary to achieve the goals of sentencing. *Rita v. United States*, 127 S. Ct. at 577 (Scalia, J., concurring).

In light of Defendant's history and characteristics, the totality of circumstances surrounding his offense conduct, and the individualized considerations set forth above, as well as any other reasons that may be deemed appropriate and just, we respectfully request that the court impose a sentence that is sufficient but not greater than necessary to meet the ends of justice.

5

Therefore, Defendant respectfully requests this Honorable Court sentence him to the mandatory minimum 10 years.

Respectfully Submitted,

/s/ Chelsea J. Panzeca
*Attorney for Defendant*
Bleile & Dawson
810 Sycamore Street, 5th Floor
Cincinnati, Ohio 45202
(P) 513-564-0088
(F) 513-263-9089
chelseatheattorney@yahoo.com

*/s/ Adam Boyd Bleile*
Adam Boyd Bleile (0071210)
Attorney for Defendant
Bleile & Dawson
810 Sycamore St., Fifth Floor
Cincinnati, OH 45002
P: 513-564-0088
F: 513-263-9089
adamtheattorney@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Sentencing Memorandum was sent to United States Attorney, Nicole Pakiz via electronic filing on this 12th day of September 2024.

*/s/ Chelsea J. Panzeca*

**DEFENDANT'S EXHIBIT 1**

# Reentry Lifeskills

Certifies that

## SHEDRICK HAWKINS

has successfully completed the

## SUBSTANCE ABUSE COURSE





*Kyli Richins*
Authorized Signature

Agency: Butler County Jail
Completion Date: Jun 25, 2024
Case Number: 303771

Certificate Key: 8659d7c0-0d6a-11ef-985b-cdf49f59bf8f



**DEFENDANT'S EXHIBIT 2**

# Reentry lifeskills

Certifies that

## SHEDRICK HAWKINS

has successfully completed the

## DOMESTIC VIOLENCE COURSE







Agency: Butler County Jail
Completion Date: Jun 25, 2024
Case Number: 303771

*Kyli Richins*
Authorized Signature

Certificate Key: 8659d7c0-0d6a-11ef-985b-cdf49f59bf8f