UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | Case No: 2:23-cr-181 |
| vs. | : | |
| | : | CHIEF JUDGE MORRISON |
| SHEDRICK HAWKINS, | : | |
| Defendant. | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Now comes the United States of America, by and through undersigned counsel, and hereby submits its Memorandum in aid of sentencing.

**I.    BACKGROUND**

On May 16, 2024, Defendant Shedrick Hawkins entered a plea of guilty pursuant to Rule 11(a)(2) and (c)(1)(A) plea agreement, to Counts One and Two of the Indictment filed in this case, which charges him in Count One with Possession with Intent to Distribute Fentanyl and Cocaine, in violation of 21 U.S.C. §§ 841(a)(l), 841(b)(l)(A)(vi) and 841(b)(l)(B)(ii), and in Count Two with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(l) and 924(a)(8). The plea agreement contained an attachment, which detailed the factual statement of Defendant's offense conduct in support of his guilty plea. The plea agreement also contained the parties' agreement to a two-level increase for possession of a firearm and a three-level reduction for acceptance of responsibility. Of note, Defendant's guilty plea is conditional, such that he maintains the right to seek appellate review of the Court's denial of his motion for a *Franks* hearing and motion to suppress evidence, filed on February 29, 2024 (Doc. #57). If Defendant elects to appeal the decision and the Sixth Circuit reverses this Court's decision, he will be

allowed to withdraw his guilty plea. Defendant otherwise waives his right to appeal his conviction and sentence except if the sentence exceeds the statutory maximum, or he has claims for ineffective assistance of counsel and/or prosecutorial misconduct.

The Probation Officer released the final Presentence Investigation Report ("PSR") on August 9, 2024. Sentencing in this matter is scheduled for September 25, 2024.

## II.     PRESENTENCE INVESTIGATION REPORT

The United States has reviewed the PSR in this case and submits that the Probation Officer has correctly calculated the advisory sentencing guideline range. The United States thus raises no objections to the PSR. The advisory guideline range reflected in the PSR is 135 to 168 months of incarceration. The Probation Officer has indicated that there are no factors identified in the PSR that would warrant a departure from the applicable sentencing guidelines range. In addition, the guidelines range for a term of supervised release is five years, per U.S.S.G. § 5D1.2(a).

## III.     SENTENCING FRAMEWORK

After *Booker v. United States*, 543 U.S. 220 (2005), district courts are to engage in a three-step sentencing procedure. Courts are first to determine the applicable guidelines range, then consider whether a departure from that range is appropriate, and finally, consider the applicable guidelines range—along with all of the factors listed in 18 U.S.C. § 3553(a)—to determine what sentence to impose. *Gall v. United States*, 552 U.S. 38, 49–50 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). The central command to district courts in imposing a sentence is to fashion one that is sufficient, but not greater than necessary, to meet the goals set forth in 18 U.S.C. § 3553(a).

Section 3553(a) further delineates seven factors the Court must consider in fashioning an appropriate sentence: (1) the nature and circumstances of the offense/history and characteristics of the defendant; (2) the statutory purposes of sentencing; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges as set forth in the Sentencing Guidelines; (5) Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

IV. **ANALYSIS AND RECOMMENDATION OF THE UNITED STATES**

The Probation Officer calculated Defendant's total offense level as 31. Based on Defendant's prior criminal convictions, he was assigned a criminal history category of III. This results in a guidelines sentencing range of 135 to 168 months of imprisonment. While the Probation Officer raises factors that could potentially justify a deviation from the guidelines imprisonment range, the United States does not believe a deviation based on Defendant's history and characteristics is warranted. Additionally, Count One carries a mandatory minimum term of imprisonment of 120 months. 21 U.S.C. § 841(b)(1)(A).

As noted above, there are seven factors the Court is to consider during sentencing, pursuant to 18 U.S.C. § 3553(a). The Government submits that while the Court should consider each of the above factors, the following facts are highly pertinent to the Court's consideration of the nature and circumstances of the offense, as well as the history and characteristics of the defendant.

The nature and circumstances of the offense are described in detail in both the PSR at ¶¶ 11 to 15 and Attachment A of the plea agreement. In short, in April and May 2023, law enforcement participated in several undercover drug transactions with a local dealer, whereby

3

Defendant was determined to be the source of supply for the narcotics. On June 8, 2023, a search warrant was executed at Defendant's home where Defendant, his girlfriend, and six of their young children, ranging in ages from infancy to nine-years-old, were present. Throughout the residence—among the stroller, car seat, sippy cup, and diapers—police recovered 999.4 grams of fentanyl, 1,766.5 grams of cocaine, bulk suspected marijuana, and four firearms: a Glock 22c, .40 caliber pistol; a Ruger Max 9, 9mm pistol; a Glock 22, .40 caliber pistol; and a Glock 17, 9mm pistol with a sear installed. The sear makes the firearm capable of acting as a fully automatic weapon. Dozens of rounds of ammunition and multiple magazines were also located throughout the residence, as well as $17,775 in cash, and drug trafficking equipment and supplies to include: plastic baggies, a vacuum sealer, a money counter, cutting agent, a blender, a respirator, multiple narcotics presses, and five cell phones. At the time of the search, Defendant had prior felony convictions for improperly discharging a firearm and having a weapon under disability that disqualified him from legally possessing firearms.

    Defendant is 33 years old. He has four children, two of which are with his current girlfriend of six years. He was born in Indiana and relocated to Columbus when he was 16 years old. Defendant's father passed away in 2021 and his mother continues to reside in central Ohio with her long-term partner. He has four maternal half-siblings, three of whom live in Columbus. Defendant recalls witnessing his mother's partner abuse her as an adolescent and believes her partner also abused drugs. He describes growing up in poverty in areas of high crime and gang violence. His family received government assistance and he had close family members involved in the criminal justice system, including his grandmother, father, and his mother's partner. Defendant also lost several close family members to violence and drug abuse, including witnessing two cousins killed in drive-by-shootings. He recalls suicidal ideations as a teenager

4

but has never been diagnosed with mental health issues. Defendant has dealt with substance abuse himself and completed drug treatment in the past. He completed one semester of community college and established his own t-shirt business in 2022.

Defendant undoubtedly endured a challenging upbringing marked by exposure to crime, substance abuse, and violence in his community. Additionally, he grew up with several poor role models, as both his grandmother and father faced incarceration, with his father being convicted of murder. The Government acknowledges that such formative experiences can significantly influence an individual's behavior and actions. While Defendant's family describes him as a caring and supportive father, such past experience must be the explanation for choosing to place his own kids in an environment littered with fentanyl and loaded guns.

Defendant's criminal record dates back to his juvenile years, and largely consists of firearms and drug possession, including firing a gun into a house where people were present. After completing four years in the Ohio Department of Rehabilitation and Correction, he has had several opportunities to reform his criminal behavior. And he has not. Instead, just a year after completing his last term of court supervision, his behavior escalated quite dramatically to the current offense conduct. As described above, Defendant had multiple loaded firearms and large quantities of extremely dangerous narcotics for distribution in the presence of several young children in the home with him. The United States cannot emphasize enough the danger of this combination.

Consideration of the most relevant sentencing factors warrants a sentence at the bottom of the guidelines range. Such a sentence would properly consider the nature and circumstances of Defendant's offense conduct. Such a sentence would also take into consideration Defendant's particular history and characteristics, including his prior criminal conduct. The instant offenses

are some of the most serious on Defendant's record and should be treated accordingly. That said, even the bottom of the sentencing range in this case is far more significant than any punishment Defendant has faced to date. Accordingly, a sentence at the bottom of the advisory guidelines range would also serve to protect the public from future crimes of Defendant in the near term and may serve to prevent him and others from committing similar crimes in the future.

## V.  CONCLUSION

For the foregoing reasons, the United States respectfully submits that a term of imprisonment of 135 months, followed by a term of supervised release, would be sufficient but not greater than necessary to achieve the statutory goals of sentencing.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/ Nicole Pakiz*
NICOLE PAKIZ (0096242)
KEVIN W. KELLEY (0042406)
Assistant United States Attorneys
HEIDY T. CARR (0093524)
Special Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
Nicole.Pakiz@usdoj.gov
Kevin.Kelley@usdoj.gov
Heidy.Carr@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2024, a copy of the foregoing Government's Sentencing Memorandum was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*s/ Nicole Pakiz*
NICOLE PAKIZ (0096242)
Assistant United States Attorney