**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | | |
| | : | |
| **Plaintiff,** | | |
| **v.** | | **Case Nos. 2:23-cr-181, 2:26-cv-528**<br>**Chief Judge Sarah D. Morrison** |
| **SHEDRICK HAWKINS,** | | |
| | : | |
| **Defendant.** | | |

## OPINION AND ORDER

This matter is before the Court for an initial screen of the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Shedrick Hawkins. (ECF No. 97.) For the reasons below, the Motion is **DENIED**.

## I. BACKGROUND

In September 2023, Mr. Hawkins was indicted on two counts: (1) Possession with Intent to Distribute Fentanyl and Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), and 841(b)(1)(B)(ii); and (2) Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). (ECF No. 22.) Through counsel, he moved to suppress evidence seized as a result of a search warrant executed at his apartment, alleging that the affidavit in support of the warrant did not demonstrate probable cause and contained misleading statements or material omissions. (ECF No. 57.) The Court denied his motion. (ECF No. 62.)

Thereafter, Mr. Hawkins entered into a Plea Agreement, in which he pleaded guilty to both counts charged in the Indictment and expressly reserved his right to

appeal the Court's denial of his motion to suppress. (ECF No. 64.) The Court sentenced Mr. Hawkins to, *inter alia*, 135 months of imprisonment on each count, to run concurrently. (ECF No. 83.)

Mr. Hawkins appealed to the U.S. Court of Appeals for the Sixth Circuit, which affirmed the Court's judgment and denied Mr. Hawkins's subsequent petition for rehearing en banc. (*See* ECF Nos. 81, 93); *United States v. Hawkins*, No. 24-3839, Doc. 40 (6th Cir. Jan. 5, 2026).

Mr. Hawkins now moves, without the assistance of counsel, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Mot., ECF No. 97.) He raises four grounds for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) a Fourth Amendment violation based on the search warrant's lack of probable cause; and (4) a *Franks* violation based on a material omission in the affidavit in support of the search warrant. (*Id.*)

## II. STATUTE OF LIMITATIONS

Except in circumstances not present or asserted in this case, a § 2255 motion to vacate is timely if it is filed within one year of the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Where, as here, a defendant "takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426–27 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)).

The Sixth Circuit denied Mr. Hawkins's petition for rehearing en banc on January 5, 2026. *Hawkins*, No. 24-3839, Doc. 40. He did not petition for certiorari to the Supreme Court, so his conviction became final 90 days later on April 5, 2026. *See* Sup. Ct. R. 13 ("[T]he time to file the petition for a writ of certiorari … runs from the date of the denial of rehearing[.]"). Because he filed the instant § 2255 Motion on April 13, 2026 (*see* Mot., PAGEID # 413), he is well within the one-year window, and his Motion timely.

## III. STANDARD OF REVIEW

Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court must perform an initial review of Mr. Hawkins's Motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [the movant] is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify [the movant]." R. 4(b). On the other hand, "[i]f the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

A petitioner who moves to vacate, set aside, or correct a conviction or sentence pursuant to § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. To obtain relief, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a

"substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). A court may grant relief under § 2255 only if a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation marks and citation omitted).

## IV. ANALYSIS

The Court addresses each of Mr. Hawkins's four grounds for relief below, beginning with the latter two grounds for ease of discussion.

### A. Grounds Three and Four – Fourth Amendment and *Franks* Violations

In his third and fourth grounds for relief, Mr. Hawkins seeks to raise a Fourth Amendment claim as to the existence of probable cause for the search warrant and a claim that the affidavit supporting the warrant ran afoul of *Franks v. Delaware*, 438 U.S. 154 (1978). (Mot., PAGEID ## 426–28.)

Fourth Amendment violations are not reviewable on a § 2255 motion when the movant had a full and fair opportunity to litigate the claim at trial and present the issues on direct appeal. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) (concerning ability of state prisoners to raise Fourth Amendment issues in § 2254 habeas proceedings); *Ray v. United States*, 721 F.3d 758, 761–62 (6th Cir. 2013) (finding that "*Stone* applies when federal prisoners seek to raise Fourth Amendment claims by way of motions filed under § 2255"). "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

Mr. Hawkins attacked the constitutional sufficiency of the search, including the probable cause and nexus supporting the same, in his suppression motion, which the Court denied. (ECF Nos. 57, 62.) Mr. Hawkins then challenged the denial of his motion to suppress on direct appeal but was unsuccessful. (ECF Nos. 81, 93); *see also Hawkins*, No. 24-3839, Doc. 24 (6th Cir. Mar. 6, 2025). He therefore had an opportunity for full and fair litigation of the Fourth Amendment issues he raises in Ground Three, and he has not identified an intervening change in law or other "highly exceptional circumstances" that would permit the Court to revisit what was definitively decided on direct review. Mr. Hawkins cannot raise a free-standing Fourth Amendment claim in these collateral proceedings.

Nevertheless, Grounds One and Two allege ineffective assistance of counsel and deficient trial and appellate representation with respect to the Fourth Amendment issues. (*See* Mot., PAGEID ## 418–26.) In such instances, the law "neither bars consideration of, nor justifies a failure to consider, the merits of a petitioner's Fourth Amendment claim." *Ray*, 721 F.3d at 762 (citing *Stone*, 428 U.S. at 486). Accordingly, the Court will assess Mr. Hawkins's Fourth Amendment claim in the context of his claims of ineffective assistance of counsel in Grounds One and Two below. (*See infra* Sections IV.B. and IV.C.)

Mr. Hawkins did not, however, raise on appeal the *Franks* violation he alleges in Ground Four. *See Hawkins*, No. 24-3839, Doc. 24 ("Defendant Hawkins … does not appeal the district court's discretionary denial of Hawkin's motion for a *Franks* hearing[.]"). "It is well settled that an argument not raised on direct appeal

is waived." *Jones*, 178 F.3d at 796. A petitioner may overcome this procedural default by showing either that (1) good cause for the default and resulting prejudice exists; or (2) the failure to consider his collateral challenge would result in a "fundamental miscarriage of justice" because he is factually innocent of the crime of which he was convicted. *Wallace v. United States*, 43 F.4th 595, 606 (6th Cir. 2022) (citations omitted). Mr. Hawkins fails to make either of these showings—he does not maintain his innocence, and though he asserts that his appellate counsel was ineffective, he neither contends that his appellate counsel should have argued the *Franks* issues nor cites his appellate counsel's ineffectiveness as cause for his procedural default. (*See* Mot., PAGEID ## 425–26.)

Thus, it plainly appears from the Motion and the record of prior proceedings that Mr. Hawkins is not entitled to relief on Grounds Three and Four.

**B. Ground One – Ineffective Assistance of Trial Counsel**

Mr. Hawkins argues that his trial counsel was constitutionally deficient in not adequately challenging the search warrant. (Mot., PAGEID # 414.) In particular, he maintains that his trial counsel was ineffective by failing to (1) sufficiently highlight *United States v. Abernathy*, 843 F.3d 243 (6th Cir. 2016), as binding precedent in the motion to suppress; (2) argue against the alleged nexus connecting him to the at-issue drugs and drug transaction by, among other things, attacking certain facts and citing to *United States v. McPhearson*, 469 F.3d 518 (6th Cir. 2006); and (3) adequately cross-examine Detective Christina Goble[1] about

[1] Mr. Hawkins refers in his § 2255 Motion only to "the officer" or "officers" without identifying any individual officers by name. Upon review of the Motion and

whether her probable cause was based on facts rather than speculation. (*Id.*, PAGEID ## 418–22.) But for these deficiencies, Mr. Hawkins concludes, there is a "reasonable probability" that the Court would have granted his motion to suppress, leaving the Government unable to prove its case or obtain his conviction. (*Id.*, PAGEID # 423.)

The appellate waiver in Mr. Hawkins's Plea Agreement does not bar claims of ineffective assistance of counsel or prosecutorial misconduct. (ECF No. 64, PAGEID # 194.) And "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). So, his claims in Ground One (and, for the same reasons, Ground Two) are not procedurally defaulted.

Mr. Hawkins does not name the trial attorney whose conduct he attacks. Numerous counsel assisted him throughout the case, but he focuses Ground One on counsel's deficient conduct in the context of the motion to suppress. (*See* Mot., PAGEID ## 418–24.) Attorney Jeremy Dodgion filed the original motion to suppress, but the Court denied that motion as moot after Attorney Dodgion withdrew from the case and was replaced by Attorneys Chelsea Panzeca and Adam Boyd Bleile, who filed the operative motion to suppress that the Court considered and denied. (ECF Nos. 40, 48, 52, 55, 57, 58.) Accordingly, the Court construes Ground One as arguing only the ineffectiveness of Attorneys Panzeca and Bleile.

---

the record in this case, the Court construes Mr. Hawkins as taking issue with Detective Goble's statements.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984), and requires proof of deficient performance and prejudice. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (citation omitted); *see also Griffin v. United States*, No. 20-4070, 2022 WL 16556632, at *2 (6th Cir. Oct. 27, 2022) (using the *Strickland* framework when evaluating a § 2255 motion).

With respect to the first prong of the *Strickland* test, a movant must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. For courts examining this prong, the Supreme Court has instructed as follows:

> Judicial scrutiny of counsel's performance must be highly deferential[.] A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id*. at 689 (internal quotation marks and citations omitted).

The second prong of the *Strickland* test requires proof that, but for counsel's deficient performance, there is a reasonable probability that "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "To establish prejudice in the context of a guilty plea, a defendant … must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" or received a more favorable plea.

*Lopez v. United States*, No. 24-5844, 2025 WL 853582, at *1 (6th Cir. Mar. 4, 2025) (cleaned up); *Kimbrough v. United States*, 71 F.4th 468, 473 (6th Cir. 2023). This involves demonstrating that "rejecting the plea bargain would have been rational under the circumstances." *Kimbrough*, 71 F.4th at 473 (internal quotation marks and citation omitted).

### 1. Failure to Emphasize Controlling Precedent

Mr. Hawkins first insists that Attorneys Panzeca and Bleile were ineffective by not underscoring the holding and application of the Sixth Circuit's controlling decision in *Abernathy*. (Mot., PAGEID # 418.) This argument plainly lacks merit.

"One way of establishing defective performance is to show that defense counsel missed a meritorious argument under the controlling law." *Duval v. United States*, 372 F. Supp. 3d 544, 552 (E.D. Mich. 2019). But that's not what happened here—in the suppression motion, Attorneys Panzeca and Bleile cited to *Abernathy* numerous times, provided an illustration of the case, and specifically argued that "[t]he lack of probable cause in [Mr. Hawkins's] case is strikingly similar to the circumstances in *Abernathy*." (ECF No. 57, PAGEID ## 140, 142–43.) These points belie Mr. Hawkins's assertion that counsel "mentioned *Abernathy* only briefly and failed to cite *Abernathy* at all in the suppression motion[.]" (Mot., PAGEID # 418.) Indeed, it was because of counsel's reliance on *Abernathy* that the Court considered the case in ruling on the motion. (*See* ECF No. 62, PAGEID ## 182–83.) Attorneys Panzeca and Bleile were not deficient in researching and presenting this controlling legal authority.

Insofar as Mr. Hawkins criticizes his trial counsel for not making *Abernathy* "the centerpiece" of the suppression motion (*see* Mot., PAGEID # 418), the Court is mindful that "strategic choices by defense counsel are virtually unchallengeable." *Buell v. Mitchell,* 274 F.3d 337, 359 (6th Cir. 2001) (internal quotation marks and citation omitted). That Mr. Hawkins would have preferred his counsel to put more emphasis on the case does not render their performance "outside the wide range of professionally competent assistance" or so deficient that they were "not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment."[2] *Strickland*, 466 U.S. at 687. This is particularly true given that neither the Court nor the Sixth Circuit found the case helpful to him. (*See* ECF No. 62, PAGEID # 182 ("*Abernathy* provides no assistance here."); ECF No. 93, PAGEID # 397 ("The contrast between Goble's affidavit and the affidavit in *Abernathy* underscores that there was probable cause here.").)

This portion of Ground One does not survive the Court's initial screen.

**2. Failure to Articulate Lack of Nexus**

Mr. Hawkins next argues that Attorneys Panzeca and Bleile were ineffective in challenging the purported nexus between his residence and the evidence sought. (Mot., PAGEID # 421.) According to him, they should have demonstrated that the nexus was legally insufficient by comparing the facts of his case to those in

[2] Mr. Hawkins also argues in passing that Attorneys Panzeca and Bleile should have distinguished the Government's cases. (Mot., PAGEID # 419.) But he does not meaningfully advance this argument, and he fails to state which cases (if any) his counsel should have challenged or when they should have done so. (*See id.* ("[T]he government *likely* cited cases finding probable cause based on trash pulls. Trial counsel should have distinguished those other cases …." (emphasis added)).)

*McPhearson*, by arguing that drug residue does not support current possession, and by characterizing as merely coincidental the fact that his vehicle and the vehicle involved in the drug deal were both registered to a commercial entity called "Spectrum Motor 1." (*Id.*, PAGEID ## 420–22.)

Attorneys Panzeca and Bleile, however, did challenge the sufficiency of the nexus and argue the drug residue point in their suppression motion. (*See* ECF No. 57, PAGEID ## 143–44.) Although they failed to raise the Spectrum Motor 1 connection and the *McPhearson* case, "[w]hen counsel has overlooked or chosen to omit a possible argument, it does not give rise to a constitutionally deficient performance." *United States v. Aleman-Ramos*, No. 1:03-CR-243, 2007 WL 1041160, at *3 (W.D. Mich. Apr. 5, 2007) (citing *Engle v. Isaac*, 456 U.S. 107, 133 (1982)); *see also Dempster v. United States*, No. 2:08-CR-431, 2010 WL 4384231, at *2 (S.D. Ohio Oct. 27, 2010) (Watson, J.) ("[C]ounsel is not necessarily ineffective for failing to raise every issue suggested by the facts of the case. Rather, counsel is permitted to pick and choose among various issues to raise[.]"). A reasonably made, informed, and strategic choice by counsel not to pursue an issue is generally unassailable. *See Strickland*, 466 U.S. at 690–91.

To the extent that Mr. Hawkins's "principal allegation of ineffectiveness" is his trial counsel's "failure to litigate a Fourth Amendment claim completely," he must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent excludable evidence in order to demonstrate actual prejudice. *Ray*, 721 F.3d at 762; *see also*

*Robinson v. Howes*, 663 F.3d 819, 825 (6th Cir. 2011) (holding that a court must assess the merits of the unpursued Fourth Amendment claim to determine whether counsel was constitutionally competent). This he cannot do.

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. In determining the existence of probable cause, a magistrate judge must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit [supporting the search warrant,] ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238–39 (1983) (citation modified). The affidavit must "contain adequate supporting facts about the underlying circumstances to show that probable cause exists for the issuance of the warrant." *United States v. Weaver*, 99 F.3d 1372, 1377 (6th Cir. 1996) (citations omitted). This means that the affidavit needs to show "a nexus between the place to be searched and the evidence sought." *United States v. Carpenter,* 360 F.3d 591, 594 (6th Cir. 2004) (en banc) (internal quotation marks omitted). A sufficient nexus requires more than an indication that "the owner of the property is suspected of crime"—rather, there must be "reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978) (citation omitted).

The Sixth Circuit applied these standards to a defendant charged with narcotics and weapons violations in *McPhearson*. There, the panel granted the

defendant's motion to suppress evidence obtained from a search warrant because, *inter alia*, the officer's affidavit was insufficient to establish probable cause. *Id.* at 525. The affidavit merely stated that the defendant resided at the address to be searched and was arrested for assault with a quantity of crack cocaine on his person. *Id.* The panel observed that "[a] suspect's mere presence or arrest at a residence is too insignificant a connection with that residence to establish [the nexus] necessary to a finding of probable cause." *Id.* at 524–25 (internal quotation marks and citations omitted). The affidavit needed additional facts that permitted the inference that evidence of wrongdoing would be found in the residence, like the defendant's involvement in drug trafficking or identity as a drug dealer. *Id.*

Attorneys Panzeca and Bleile did not direct the Court to *McPhearson* in their suppression motion. (*See generally* ECF No. 57.) Mr. Hawkins impugns this omission because he believes that the facts of his case show a weaker nexus than that found insufficient in *McPhearson*. (ECF No. 97, PAGEID # 421.) This argument fails on its face because his case is distinguishable from *McPhearson*.

Unlike the *McPhearson* affidavit, which was limited to facts surrounding the defendant's residence and possession of drugs upon his arrest there, both the Court and the Sixth Circuit readily found that Detective Goble's affidavit included ample facts reflecting Mr. Hawkins's drug dealing activities and showing a nexus between those activities and his residence. (*See* ECF Nos. 62, 93.) Along with stating that drug residue was found in a trash pull outside Mr. Hawkins's apartment, the affidavit also established, among other things, his travels to and from the

apartment to engage in suspected drug activity and the existence of social media messages in which he shared pictures of marijuana and discussed narcotics prices and meeting locations. (*See* ECF No. 57-1 (affidavit).) Because Mr. Hawkins's circumstances involve more than mere drug residue and are easily distinguishable from those in *McPhearson*, his trial counsel was not deficient in failing to raise the case, and even assuming they were, he has not shown that their citation to *McPhearson* would have changed the result of the suppression.

The same is true for Mr. Hawkins's argument that Attorneys Panzeca and Bleile should have attacked the Spectrum Motors 1 connection as inadequate to support probable cause. His contention that "the [G]overnment had no basis to connect [him] to the alleged drug deal" other than the fact that his vehicle and the drug deal vehicle were both registered to Spectrum Motors 1 (ECF No. 97, PAGEID # 420) is belied by the myriad of additional, drug-activity-related facts in Detective Goble's affidavit, including the ones highlighted above. Mr. Hawkins insists that there was no nexus to his residence because law enforcement did not observe any sales or controlled buys involving him that occurred at the apartment. (*Id.*, PAGEID # 422.) But law enforcement did not need to go so far as observe him selling drugs from his apartment to obtain a warrant to search it. (*See* ECF No. 93, PAGEID ## 398–99 (citing cases).) Thus, even if his trial counsel argued the Spectrum Motors 1 issue, he has not shown that his Fourth Amendment claim is meritorious or satisfied the *Strickland* prejudice prong.

This portion of Ground One does not survive the Court's initial screen.

### 3. Failure to Adequately Cross-Examine Detective Goble

Last, Mr. Hawkins says that Attorneys Panzeca and Bleile fell below an objective standard of reasonableness when they did not cross-examine Detective Goble at the suppression hearing to "expose" that she "ultimately chose speculation over investigation." (Mot., PAGEID # 423.) According to Mr. Hawkins, Attorneys Panzeca and Bleile should have asked Detective Goble about whether she identified him in the alleged drug deal vehicle or knew he had access to the same, whether she confirmed the contents of the brown bag to see if it contained drugs,[3] and whether her references to her "training and experience" were sufficient to establish probable cause. (*Id.*, PAGEID ## 418–22.)

The biggest problem with Mr. Hawkins's argument, though, is that the Court never held a hearing on his motion to suppress. He references a suppression hearing held on April 29, 2024 (*see* Mot., PAGEID # 414), but neither the docket nor any of the Court's records indicate that a suppression hearing was held that day, or any other day.[4] The Court declines to blame Mr. Hawkins's counsel for failing to do something that they never had the chance to do.

---

[3] Mr. Hawkins does not argue that the brown bag *did not* contain drugs. (*See generally* ECF No. 57.)

[4] The Court suspects that Mr. Hawkins has mistakenly conflated Detective Goble's statements in her affidavit in support of the search warrant with supposed testimony at a suppression hearing. (*Cf.* ECF No. 57-1, PAGEID # 154 (affidavit stating, "[b]ased on training and experience and the training and experience of others …"); ECF No. 57, PAGEID # 142 (suppression motion mentioning that "[Detective] Goble discusses her training and experience regarding a 'brown bag' interaction" in the affidavit).)

Moreover, and contrary to Mr. Hawkins's representations, Attorneys Panzeca and Bleile affirmatively requested a *Franks* hearing in their suppression motion, which could have provided them an opportunity to cross-examine Detective Goble. (*See generally* ECF No. 57.) In support, they expressed Mr. Hawkins's concerns about, *inter alia*, Detective Goble's training and experience. (*Id.*, PAGEID # 142.) After considering these arguments, the Court decided that a hearing was unnecessary because there was no preliminary showing that Detective Goble's affidavit contained any misleading statements or material omissions. (ECF No. 62, PAGEID # 180.) That counsel did not prevail on their motion seeking an opportunity to challenge the statements in the affidavit does not mean that they were ineffective in their efforts on behalf of Mr. Hawkins. *Cf., e.g.*, *Tankesly v. Mills*, 491 F. App'x 649, 656 (6th Cir. 2012) (declining to find ineffective assistance and noting that "[w]hether or not counsel could have better served his client by arguing the motion to suppress more vigorously and providing more case support, counsel nevertheless raised the issue and factual ground for the district court's decision"); *Slusarski v. Quarles*, 880 F.2d 1322 (table), 1989 WL 83202, at *2 (6th Cir. 1989) ("Counsel's performance cannot be considered deficient simply because he lost the argument.").

This portion of Ground One does not survive the Court's initial screen.

*     *     *

Based on the Motion and the record, Mr. Hawkins is plainly not entitled to relief on Ground One.

### C. Ground Two – Ineffective Assistance of Appellate Counsel

Mr. Hawkins finally takes issue with the performance of his appellate counsel, Gary Lanker. (Mot., PAGEID # 423.) He contends that Attorney Lanker, like Attorneys Panzeca and Bleile, failed to make *Abernathy* the "centerpiece" of the appeal and failed to adequately highlight the lack of nexus between him and the drug transaction. (*Id.*, PAGEID # 425.) He also argues that Attorney Lanker was ineffective in failing to adequately rebut the Government's "totality of the circumstances" approach and failing to request oral argument. (*Id.*, PAGEID ## 425–26.) By way of prejudice, he insists that the Sixth Circuit would likely have reversed the Court's judgment absent his appellate counsel's deficient performance. (*Id.*, PAGEID # 426.)

Ground Two fails for similar reasons as Ground One. "An appellate attorney need not advance every argument urged by the appellant, regardless of the merit of that argument." *Forrest v. United States*, No. 2:17-CR-00158, 2021 WL 1516201, at *12 (S.D. Ohio Apr. 16, 2021) (Jolson, M.J.) (citing *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)), *R&R adopted*, No. 2:20-CV-00775, 2021 WL 2843101 (S.D. Ohio July 8, 2021) (Graham, J.). Likewise, "[a]n attorney's decision to waive oral argument … does not automatically amount to ineffective assistance of counsel." *Martin v. United States*, No. CIV. 03-71781, 2007 WL 5497196, at *12 (E.D. Mich. May 17, 2007), *R&R adopted as modified*, No. CIV 04-73878, 2008 WL 4225835 (E.D. Mich. Mar. 27, 2008). To evaluate a claim of ineffective assistance of appellate counsel, a court must assess the strength of the claim that counsel failed to

raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011) (citation omitted). Appellate counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*; *see also Smith v. Robbins*, 528 U.S. 259, 289 (2002) (holding that a movant must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present").

Mr. Hawkins has not shown a reasonable probability that the appeal would have gone differently if Attorney Lanker made the arguments he identified or requested oral argument. As discussed above, Mr. Hawkins has not demonstrated that his Fourth Amendment claim is meritorious. Additionally, Attorney Lanker cannot be faulted for failing to rebut the Government's "totality of the circumstances" argument because that is the correct standard upon which the panel should have relied. *See, e.g.*, *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999) (no constitutional deficiency in failing to raise meritless issues). It cannot be said that Attorney Lanker's conduct fell below the standard of reasonableness or prejudiced Mr. Hawkins when he decided not to pursue these arguments at the appellate level.

Ground Two plainly lacks merit.

## V. CONCLUSION

For the reasons stated above, and considering the Motion and the record before the Court, Mr. Hawkins is not entitled to relief. The Motion (ECF No. 97) is therefore **DENIED**. As such, there is no need for an evidentiary hearing, and Mr. Hawkins's request for one is **DENIED as moot**. *See Montante v. United States*, No.

19-2178, 2020 WL 4607575, at *2 (6th Cir. Aug. 11, 2020) ("[B]ecause Montante's ineffective-assistance claim could be adjudicated on the existing record, the district court did not abuse its discretion in ruling without an evidentiary hearing." (citation omitted)).

Under Rule 11 of the Rules Governing § 2255 Proceedings, the Court must consider whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). A petitioner who moves to vacate under § 2255 does not have an automatic right to appeal a district court's adverse decision unless the court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). The district court makes the first determination as to whether to issue a certificate of appealability in appeals of § 2254 or § 2255 petitions. *Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997).

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

When a constitutional claim has been rejected on the merits, the defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484; *see also United States v. Bartoli*, No. 21-4045, 2023 WL 5206446, at *4 (6th Cir.

Aug. 14, 2023) (applying *Slack* when considering a certificate of appealability in a § 2255 case). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the movant establishes that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

Here, the Court is not persuaded that reasonable jurists would debate the denial of Mr. Hawkins's Motion. The Court therefore **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**